UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE R. AHRENDT, | ) |
| | ) No. CV-11-0171-LRS |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**BEFORE THE COURT** are cross-motions for summary judgment, noted for hearing without oral argument. Attorney Lora Stover represents Plaintiff; Special Assistant United States Attorney David Burdett represents the Commissioner of Social Security (Defendant or Commissioner). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's motion for summary judgment, **ECF No. 14.**

**JURISDICTION**

Plaintiff applied for supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f on October 27, 2008 and November 15, 2006 respectively. She alleged disability as of June 12, 2008 (Tr. 83, 190). The application was denied initially on December 10, 2008 and upon reconsideration, April 17, 2009 (Tr. 145-55, 161-62).

At a hearing before Administrative Law Judge (ALJ) James W.

Sherry on November 12, 2009, Plaintiff, represented by counsel, and a vocational expert testified (Tr. 83). At the beginning of the hearing, Plaintiff's counsel requested a consultative psychiatric/psychological examination which was denied based on absence of medically determinable mental impairments as determined by James Bailey, PhD. (Tr. 83). On December 2, 2009, the ALJ issued an unfavorable decision (Tr. 83-93). The Appeals Council denied review on November 24, 2010 (Tr. 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on April 28, 2011 (ECF No. 2).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. This court will adopt those facts and provide a brief summary.

Plaintiff was 48 years old at the hearing. She went to school through the twelfth grade, and she reports some special education classes. She has worked as a caregiver in an adult family home, meat cutter, housekeeping/cleaner, production work and packaging (Tr. 110, 112-16). She last worked October 27, 2008 but stopped due to an injury (Tr. 112). Plaintiff testified she was in the process of getting a driver's license (Tr. 108) but her son reported that when she goes out she drives a car (Tr. 295). She lives with a friend in an apartment next to her ex-husband and one grown son. (Tr. 108, 126). She states she is able to cook for herself, do some cleaning (Tr. 118, 125-26). She states she can do crossword puzzles and is able to hold a pen and write for about half an hour. (Tr. 117-18). She can clean most pots and pans, if

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 2 -

not too heavy, but has difficulty lifting a gallon of milk with
her right hand. (Tr. 118). She states that she has low back pain
that requires her to use Ben Gay creme and lay down for about 20
minutes. (Tr. 119). She states she has an asthma condition with
symptoms triggered by stress, smoking, and cats and treated by
using a nebulizer. (Tr. 124, 128). Plaintiff indicates she
smokes almost a pack per day and lives with a cat, the latter
which she is allergic to. (Tr. 124, 128). She states that she is
5'4" tall and weighs 203 pounds, and has gained about 40 pounds
since June 2008 when she was injured. (Tr. 107).

### ALJ'S FINDINGS

At step one the ALJ found Plaintiff did not engage in
substantial gainful activity since October 27, 2008, the
application date (Tr. 85). At step two he found Plaintiff suffers
from the following severe impairments: multi-level thoracic
degenerative disc disease; multi-level lumbar degenerative disc
disease; asthma and/or acute bronchitis; right foot heel spur and
pes cavus (high arch); right wrist degeneration; obesity; and a
history of epilepsy. (Id.). At step three, the ALJ found the
impairment did not meet or equal a Listed impairment (Tr. 87).
The ALJ based this finding on a thorough review of the medical
evidence and testimony of Plaintiff. (Id.). At step four, the
ALJ found Plaintiff had an RFC to perform light work as defined in
20 CRF 416.967(b) except there should be normal breaks with
unlimited pushing and pulling within the lifting restrictions.
Further, the Plaintiff should never climb ladders, rope or
scaffolds; only occasionally climb ramps or stairs; and only
occasional balancing, stooping, crouching, kneeling, crawling.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 3 -

The ALJ found the Plaintiff should avoid concentrated exposure to excessive vibration, specifically the repetitive use of vibrating tools with her right hand; avoid concentrated exposure to unprotected heights and moving machinery.  (Id.).

The ALJ concluded that based on the numerous inconsistencies between the Plaintiff's testimony and the evidence of record, together with the well-supported opinions of examining physicians, non-medically accepted sources, and State agency medical consultants, Plaintiff's subjective complaints and alleged limitations are not fully persuasive and she retains the ability despite her impairments to perform work activities with the limitations set forth.

The ALJ relied on a vocational expert's testimony at the hearing and concluded that Plaintiff is capable of performing past relevant work as a housekeeper/cleaner and hand packager, and found such work did not require the performance of work-related activities precluded by Plaintiff's RFC.  (Tr. 92-93).

**ISSUES**

Plaintiff alleges the ALJ erred in not ordering a consultative psychological examination in view of Plaintiff's chronic pain and thus did not fully develop the record (ECF No. 13 at 10).

Plaintiff also alleges the ALJ erred in assessing the Plaintiff's residual functional capacities.  *Id.*

Plaintiff finally alleges the ALJ failed to pose a proper hypothetical to the vocational expert.  *Id.*

Plaintiff concludes that the evidence taken from the record

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 4 -

as a whole does not support the Defendant's decision that Plaintiff is not disabled.

The Commissioner disagrees, asserting the ALJ's decision is supported by substantial evidence and free of legal error.  The Commissioner asks the Court to affirm the Agency's final decision that Plaintiff was not disabled under the Social Security Act (ECF No. 14 at 2).

## DISCUSSION

### A.   Psychological Consultation--Plaintiff's Chronic Pain/Mental Limitations

Plaintiff alleges that the ALJ did not fully and fairly develop the record by failing to order a consultative psychological examination in view of Plaintiff's chronic pain. (ECF No. 13 at 10).

The Commissioner, on the other hand, asserts that an ALJ's duty to develop the record further "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001). The Commissioner argues that the ALJ's citation of multiple reasons for finding Plaintiff less than fully credible as to her subjective symptom testimony supports the finding that Plaintiff retains the ability, despite subjective complaints of chronic pain, to perform work activities with limitations. (Tr. 88-92).  Previously, Plaintiff had been referred to a "pain clinic" evaluation but was rejected as a candidate due to "pain disorder and malingering, drug seeking behavior, lack of cooperation, symptom magnification, hostile attitude, defensiveness and inconsistent/unreliable responses to

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 5 -

questions." (Tr. 691-98).  The Pain Rehabilitation Program Team concluded that Plaintiff was clearly not an appropriate candidate and should return to work.  (Tr. 698).  Additionally, there is evidence that Plaintiff declined to participate in a pain clinic in September 2009.  (Id.)  At the hearing, Plaintiff testified that the only pain medications she had taken was an aspirin for a headache that week.  (Tr. 92).

The ALJ also addressed Plaintiff's depression and found it had no bearing on her vocational prospects (Tr. 87).  Evidence also included the report of examining psychologist W. Greene, Ph.D., who declined to diagnose Plaintiff with depression or anxiety because she had only "mild symptoms." (Tr. 64).

This Court finds that Plaintiff's contention that the ALJ failed to evaluate and consider her depression and chronic pain when defining Plaintiff's residual functional capacity is unfounded.  The ALJ's decision has considered Plaintiff's depression and allegations of chronic pain.  The ALJ did not err, by not ordering a consultative psychological examination or by finding:

> Three factors weigh against considering the claimant's allegations to be strong evidence in favor of finding her disabled.  First, any limitations she described at hearing and in her application cannot be objectively verified with any reasonable degree of certainty with objective medical facts or diagnostic testing. Secondly, if she was as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical conditions, as opposed to other reasons, in view of the relatively weak objective medical evidence and other factors discussed in this decision.  Third, claimant's symptoms or combination of symptoms alone cannot be the basis for a finding of impairment without medical signs and/or laboratory findings

1     demonstrating the existence of the physical or
      mental impairment.
2  (Tr. 91).

3     Plaintiff also argues that the ALJ improperly discounted the
4  opinions of Dr. Terrence D. Remple, M.D., her primary care
5  provider. The Commissioner asserts that the ALJ thoroughly
6  evaluated this physician's opinions (Tr. 90-91). This Court agrees
7  that the ALJ did not discount the opinions of Dr. Remple.  In
8  support of the ALJ's decision, Dr. Remple who is Board Certified
9  in Occupational Medicine, noted in his "Plan" on October 21, 2009
10 that Plaintiff could return to work, as he found that she was
11 capable of full time gainful employment (Tr. 794).  Dr. Remple
12 also approved of the job descriptions for housekeeper and care
13 giver, although he noted that she has some symptoms from her
14 wrist.  *Id.*  In an earlier assessment on April 23, 2009, it was
15 Dr. Remple's opinion that although Plaintiff had some limitation
16 on handling in her right wrist, she was able to return to work
17 despite the right wrist symptoms. (Tr. 810).  The ALJ has
18 incorporated Plaintiff's right hand symptoms into his RFC
19 assessment, which is evidence he has not discounted Dr. Remple's
20 opinions.

21     **B.    Hypothetical to the Vocational Expert**

22      Plaintiff contends that the ALJ's residual functional
23 capacity finding is not supported by substantial evidence and that
24 his questioning of the vocational expert was improper.  Plaintiff
25 argues that the ALJ should have posed a different vocational
26 hypothetical to the vocational expert.  Plaintiff states the
27 hypothetical question did not fully represent Plaintiff's physical
28

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 7 -

impairments, nor did it accurately portray her psychological
impairment and her pain complaints.  Plaintiff does not suggest,
however, what evidence the ALJ allegedly should have posed in that
hypothetical.  Plaintiff concludes that well established Ninth
Circuit case law requires hypothetical questions posed to
vocational expert be complete in order for the Defendant to rely
upon such expert's responses concerning work available for the
hypothetical person.  (ECF No. 13 at 15).

The Commissioner responds that the hypothetical to the
vocational expert contained all the limitations that the ALJ found
credible and supported by substantial evidence in the record.
Therefore, the ALJ's reliance on the testimony of the expert
responding to the hypothetical here was proper under *Bayliss v.
Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**C.  Applicable Law**

Disability Insurance Benefits are paid to disabled persons
who have contributed to the Social Security program, 42 U.S.C. §
401 et seq.  Supplemental Security Income ("SSI") is paid to
disabled persons with low income. 42 U.S.C. § 1382 et seq. Under
both provisions, disability is defined, in part, as an "inability
to engage in any substantial gainful activity" due to "a medically
determinable physical or mental impairment." 42 U.S.C. §§
423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation
governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a),
416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107
S.Ct. 2287, 96 L.Ed.2d 119 (1987).  The following summarizes the
sequential evaluation:

Step one: Is the claimant engaging in

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 8 -

> substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n. 5 (9th Cir.1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Bowen,* 482 U.S. at 146 n. 5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

**D.    Standard of Review**

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. *Copeland v. Bowen*, 861 F.2d 536, 538 (9th Cir.1988) (citing *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 575-76 (9th Cir.1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir.1996) (citing *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402

U.S. 389, 402, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).  The record as a whole must be considered, *Howard v. Heckler*, 782 F.2d 1484, 1487 (9th Cir.1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. *Id*.  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir.1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir.1988).

**E.    Analysis**

This Court finds the ALJ's RFC assessment was reasonable and consistent with the objective medical evidence, Plaintiff's testimony, and the credibility assessment. The ALJ noted in his decision reasons for rejecting Plaintiff's subjective complaints of impairment.  The ALJ further discredited Plaintiff's complaints of pain, depression and asthma symptoms by noting examples of medical evidence showing a history of non-compliance, self-limiting and pain behavior.  (Tr. 89).

Plaintiff also contends the ALJ's examination of the vocational expert was improper and insufficient. Hypothetical questions posed to a vocational expert must set out all the substantial, supported limitations and restrictions of the

particular claimant. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir.1989). If a hypothetical does not reflect all the claimant's limitations, the expert's testimony as to jobs in the national economy the claimant can perform has no evidentiary value. *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir.1991). While the ALJ may pose to the expert a range of hypothetical questions, based on alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination must be supported by substantial evidence in the record as a whole. *Embrey v. Bowen*, 849 F.2d 418, 422-23 (9th Cir.1988).

The ALJ commenced his examination of the vocational expert by requesting the expert to identify Plaintiff's past work within the last 15 years. (Tr. 132-33). The ALJ then presented the expert with two hypotheticals, which included all the limitations the ALJ assessed, but differing in categories. (Tr. 133-34). The expert then clarified the hypotheticals. (Tr. 133). After responding to the clarified hypotheticals, the vocational expert then identified several past jobs available to Plaintiff that would accommodate even further limitations for the sedentary category, as identified by the ALJ, including lifting no more than ten pounds at a time, occasional lifting or carrying articles like files, ledgers and small tools, stand or walk for two hours in an eight-hour day, sit for up to six hours in an eight-hour day. (Tr. 134-35). The expert testified that all the past work exceeded this sedentary category, but the expert found there would be other work such a person could perform. The ALJ then requested the expert to consider Plaintiff's testimony about her limitations. The expert

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 11 -

found that Plaintiff would not be able to perform her past work or any other work if she had to constantly change positions, high levels of pain and discomfort from lifting. (Tr. 136-37).

The hypotheticals posed by the ALJ, however, included all limitations found by the ALJ to be supported by substantial evidence. As discussed above, the ALJ found that Plaintiff's allegations of chronic pain and depression were not fully credible based on the absence of medical evidence supporting the allegations and inconsistent information provided by Plaintiff throughout the record. There was no error in the ALJ's reliance on the testimony of the vocational expert. The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.

**F.   Conclusion**

On the facts presented here, Plaintiff has failed to show that the ALJ's RFC assessment and findings regarding Plaintiff's alleged limitations were in error. Plaintiff does not successfully challenge the finding of questionable credibility.

Having reviewed the record and the ALJ's conclusions, this Court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 14,** is **GRANTED.**

2. Plaintiff's Motion for summary Judgment, **ECF No. 12,** is **DENIED.**

///

///

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                        - 12 -

1    The District Court Executive is directed to file this Order,

2 provide copies to counsel, enter judgment in favor of defendant,

3 and **CLOSE** this file.

4    DATED this 14th day of December, 2012.

5

6                                    *s/Lonny R. Suko*

7                          _____
                                    LONNY R. SUKO
8                          UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                      - 13 -